W. SHARP, Judge.
Leslie White appeals from an order of the Florida Real Estate Commission, which revoked his license as a real estate broker. He contends he was not acting in his capacity as a real estate broker, but rather as a builder and a seller of a lot when he accepted monies from Charles and Greta White[1] to begin construction. We affirm.
The evidence adduced at the hearing was sufficient to support the findings encompassed in the order being appealed in this case. The order found Leslie White had committed fraud, misrepresentation, concealment, false pretenses, dishonest dealing by trick, scheme or device, culpable negligence or breach of trust in a business transaction, in violation of section 475.25(l)(b), Florida Statutes. White negotiated a contract between himself, doing business as Les White Enterprises, as seller, and Charles and Greta White, as buyers, of Lot 18 in Whisper Ridge Subdivision, in Orange County, Florida, and to construct a house on the lot for $79,000.
The buyers agreed to pay a $2,000 deposit and an additional $1,450 at closing. The contract required that the deposit be held in escrow by Les White Realty/Builders. The deposit was never put in escrow. The contract was modified to reflect a purchase of Lot 2. The buyers paid an additional $1,200 to clear the land and begin construction. These funds were not placed in escrow. Rather, White used the funds received from the buyers to acquire title to Lot 2 in his own name. When White’s “private investor” refused to finance the construction loan, the transaction failed to close. White did not return the buyers’ deposits.
Throughout the transaction, White represented himself as a licensed real estate broker, although he and his son were also intending to act as the builder-contractors for the house. The contract provided White was *1131 acting as a broker and the deposit would be held in escrow in his realty company. However, White took the position that he received the deposits in his capacity as a builder and thus he could not be disciplined by the Florida Real Estate Commission for failing to return the buyers’ deposits. White eventually sought bankruptcy protection because he had three homes under construction when he lost his financing source.
Although the evidence at the hearing disclosed White wore several “hats” in this transaction, it supports the Commission’s conclusion that one of the hats worn was that of a licensed real estate broker. White clearly failed to place the buyers’ deposits under the sales contract in escrow as he was required to do and he has failed to return the funds to the buyers. That constitutes violations of sections 475.25(l)(b), 475.25(l)(d)l. and 475.25(l)(k).[2]
Further, it appears that this is not White’s first violation of Florida real estate laws. He has been found guilty on three prior occasions and when dealing with these buyers, his license was actually suspended. This is sufficient to support the Commission’s finding that White has been found guilty on more than two occasions of misconduct warranting suspension. § 475.25(l)(o), Fla. Stat.[3]
AFFIRMED.
COBB and ANTOON, JJ., concur.
Has been found guilty, for a second time, of any misconduct that warrants his suspension or has been found guilty of a course of conduct or practices which show that he is so incompetent, negligent, dishonest, or untruthful that the money, properly, transactions, and rights of investors, or those with whom he may sustain a confidential relation, may not safely be entrusted to him.

. Apparently no relation to appellant.

. Section 475.25(1) provides that:
The commission may ... revoke a license ... if it finds that the licensee ...
(b) Has been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing by trick, scheme, or device, culpable negligence, or breach of trust in any business transaction in this state or any other state, nation, or territory; has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express, or implied, in a real estate transaction; has aided, assisted, or conspired with any other persons engaged in any such misconduct and in furtherance thereof; or has formed an intent, design, or scheme to engage in any such misconduct and committed an overt act in furtherance of such intent, design, or scheme. It is immaterial to the guilt of the licensee that the victim or intended victim of the misconduct has sustained no damage or loss; that .the damage or loss has been settled and paid after discovery of the misconduct; or that such victim or intended victim was a customer or a person in confidential relation with the licensee or was an identified member of the. general public.
;J« $ sfc * sjc
(d)l. Has failed to account or deliver to any person, including a licensee under this chapter, at the time which has been agreed upon or is required by law or, in the absence of a fixed time, ■ upon demand of the person entitled to such accounting and delivery, any personal properly such as money, fund, deposit, check, draft, abstract of title, mortgage, conveyance, lease, or other document or thing of value, including a share of a real estate commission if a civil judgment relating, to the practice of the licensee’s profession has been obtained against the licensee and said judgment has not been satisfied in accordance with the terms of the judgment within a reasonable time, or any secret or illegal profit, or any divisible share or portion thereof, which has come into his hands and which is not his property or which he is not in law or equity entitled to retain under the circumstances ...
H- Sic ‡ Hi ‡
(k) Has failed, if a broker, to immediately place, upon receipt, any money, fund, deposit, check, or draft entrusted to him by any person dealing with him as a broker in escrow with a title company, banking institution, credit union, or savings and loan association located and doing business in this state, or to deposit such funds in a trust or escrow account maintained by him with some bank, credit union, or savings and loan association located and doing business in this state, wherein the funds shall be kept until disbursement thereof is properly authorized....

. This section provides that the Commission may discipline a broker who: